## JOHN PHILLIPS v. THE STATE.

*No. 850.   Decided February 26th, 1896.*

### 1.  Indictment—Presentation in Court—Two Courts.

Where there are two District Courts in the county, it is not essential to the validity of the indictment that it should show in which of the two courts it was presented. Following, Sargent v. State, ante p. 325.

### 2.  Continuance—Sick Wife.

Where it was made to appear, in an application for continuance, that defendant's wife, who was an important witness, had been present in court to testify, but was in an advanced state of pregnancy, and was suddenly taken sick with measles, and, in consequence, removed to her father's house, twelve miles distant, where she was confined in child birth in a few days. Held: The continuance should not have been refused upon the ground merely that she had not been subpoenaed, there being no evidence of bad faith in connection with her absence.

### 3.  Evidence—Confessions Made While in Arrest.

The confessions of a defendant, who is in arrest and not having been warned or cautioned, are not admissible as original evidence against him, and can only be used for the purpose of impeaching him, where he has, as a witness in his own behalf, testified to contradictory statements.

### 4.  Same—Charge Limiting and Restricting Such Evidence.

Where the confessions of a defendant were made when he was in arrest and had not been cautioned or warned, and the same have been permitted in evidence for the purpose of impeaching defendant as a witness, it is the imperative duty of the court to limit and restrict, in the charge, the purpose for which such confession could only be considered, viz: to impeach the testimony of defendant, and not as original evidence for the purpose of proving his guilt.

### 5.  Continuance—Postponement—New Trial.

Where a witness, whose name was not endorsed on the indictment, is examined by the State as to a confession made to him by the defendant in jail, in the presence and hearing of one H., and defendant obtains a postponement in order to procure the attendance of H. to disprove the witness' testimony as to the confession, but fails to get said H., though he used all reasonable diligence; and the trial is afterwards proceeded with to a conviction. Held: The court should have granted the motion for new trial which was supported by the affidavit of the said H., which traverses every fact as to the confession sworn to by the witness, and, moreover, states facts showing bad blood between defendant and the said witness.

APPEAL from the District Court of Tarrant.    Tried below before Hon. S. P. GREENE.

This appeal is from a conviction for robbery, the punishment being assessed at five years' imprisonment in the penitentiary.

The evidence shows the case to have been a railroad train robbery, and appellant was one of the parties charged to have been connected with its perpetration—the other parties being John Ward and George Sullivan.  The robbery occurred on a train of the Texas Pacific railroad, on the 6th day of December, 1894, near Benbrook Station, in Tarrant County, Texas.  The record discloses that, prior to the trial of this appellant, John Ward had been tried and convicted.  The indictment in this case charged appellant alone with the robbery of J. V. McEwen, and the taking from his person and possession of $1207.55.

A general statement of the case is not called for in view of the matters discussed in the opinion, and the questions decided are also sufficiently illustrated by the facts connected therewith as stated in the opinion.

*Furman & Bowlin,* for appellant.—1.  Mrs. Phillips having voluntarily attended court, as a witness for her husband, at a former term of the court, and also on the day the case was set for trial, and having remained in attendance until she became physically unable to take the witness stand, was a sufficient excuse for defendant not having process served upon her.

2.  That no diligence could secure the attendance of the witness, would be a good excuse for not using diligence.

3.  The evidence not having been closed until the sixth day of the month, the service of a subpœna on Mrs. Phillips on the fourth, she being only twelve miles from the court house, was sufficient diligence to have secured her presence in time to testify, had she been physically able to attend the trial.

4.  As to witness Hodges, the most extraordinary diligence was used to secure his presence, when the materiality of his evidence became known, and as there can be no question but what his evidence, and the evidence of Mrs. Phillips, or even his evidence alone, would probably have caused the jury to acquit defendant, the court should have granted defendant a new trial.

5.  Even if sufficient diligence was not used by defendant, to secure the attendance of his witnesses, yet when the court came to review the case on the motion for a new trial, if it appeared to the court, that the absent testimony was probably true, and that it would probably affect the result on another trial, the motion should have been granted.

6.  Hardin having testified to most damaging matters that should have passed between defendant and his wife, the mere withdrawing verbally such evidence from the jury, by the court, could not have removed its prejudicial effect, and the case should have been continued so that

the defendant could have the presence of his wife, to contradict such evidence, if again offered by the State.   Payne v. Cox, 13 Texas, 480; Price v. Lauve, 49 Texas, 81; Railroad Company v. Henning, 52 Texas, 466; Willson's Crim. Stat., Secs. 2164, 2186 and 2187; Miller v. State, 31 Tex. Crim. Rep., 636.

Again we contend, that under all the assignments of error:—1.   The defendant being in jail at the time it was claimed he made the statements to the witness, Hardin, and at the time he made diagram mentioned, such matters were not admissible in evidence against him for any purpose.

2.   If said evidence was admissible to contradict defendant, as a witness, the proper predicate having been laid, while he was testifying, the court should have given the charge to the jury requested by the defendant, and set forth in the eleventh ground of motion for a new trial, properly limiting the effect of such testimony, namely: That it was to be considered by the jury only as affecting the credibility of the defendant as a witness, and for no other purpose.

3.   (Which is substantially the same as the second.)   Even if inculpatory statements made by a defendant, while in jail, can properly be used to contradict him as a witness, such inculpatory statements cannot be taken against him as original and independent evidence of his guilt, but can only be considered as affecting his credibility as a witness.

4.   What defendant said to Ward, when he was carried to jail for dinner, during the trial, was clearly not admissible against him for any purpose, no predicate having been laid for its introduction.   Willson's Crim. Stat., Sec. 2364, et seq; Dissenting opinion of Hurt, Presiding Judge, in Quintana v. State, 29 Tex. Crim. App., 401; same in Furguson v. State, 31 Tex. Crim. Rep., 93; Rains v. State, 33 Tex. Crim. Rep., 294; Mahoney v. State, 33 Tex. Crim. Rep., 388; Warren v. State, 33 Tex. Crim. Rep., 502; Cerda v. State, 33 Tex. Crim. Rep., 459, at bottom of page; and Wiseman v. State, 33 Tex. Crim. Rep., 383; Willsons' Crim. Stat., Sec. 2467.

*Mann Trice*, Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of robbing a train. The robbery was perpetrated by three persons, and appellant (John Phillips), John Ward and George Sullivan were charged with the robbery.   John Ward was indicted and tried, and convicted.   The record is silent as to Sullivan.   Ward was indicted in a separate bill from Phillips.   Ward's case stood on the docket for trial before the case against appellant.   The motion to quash the indictment was not well taken. See, Sargent v. State, ante p. 325.   Mrs. Phillips was a witness for Ward and her husband, John Phillips.   She was in attendance upon the court and testified in the Ward case.   On the next day she was taken sick with measles, and at the time was in an advanced state of pregnancy.   At the request of the proprietor of the hotel at which she was stopping, she

was taken to her father's, about twelve miles distant; and she there grew worse with measles, and eight or ten days afterwards gave birth to a child. She had not been subpœnaed, either by the State or the appellant, but was present as a witness, as above stated. When this case was called, appellant moved for a continuance on account of the absence of the testimony of Mrs. Phillips, setting out all the facts in regard to her sickness. Three affidavits were presented to the court in behalf of the State, the object of which was to show that Mrs. Phillips was able to attend and be present as a witness on the trial. These affidavits are not at all in conflict with those which show that she was sick. In fact, this question, whether she was sick or not, is placed beyond any sort of doubt. Now, the court seems to have held that, because she had not been subpœnaed, the appellant was not entitled to a continuance. We cannot agree to such a rigid rule. We are not to be understood as holding that the accused should not procure process, and have the same served, for his witnesses, and especially his wife. But under the peculiar circumstances of this case, there being no evidence tending to show that the witness was acting in bad faith, or had left at the instigation of her husband, we think the rule too rigid, when applied to the facts in this case. ·Concede, however, that the court acted properly in overruling the motion because the witness was not subpœnaed; afterwards a subpœna was served upon the witness in ample time for her to attend court, but, she being very sick, it was impossible for her to do so with safety to her life. It may be insisted that, as the court eliminated a part of the testimony of Hardin—that which relates to what the wife said and did—while appellant was in jail, therefore there was no injury in refusing the continuance for the testi·mony of the wife. This may be true, but the application sets up, of course, what appellant expects to prove by his wife; and in the application we find that he expects to prove very important matters, separate and distinct from the conversation, if any, with Hardin. We are of opinion that the court should have granted the continuance. The State, over the objection of the appellant, proved by Hardin what occurred and was said to him by the appellant while in jail—in fact, proved a detailed confession of the robbery. Appellant had not been cautioned. In the . explanation to the bill of exception objecting to this testimony, the court says that appellant had been a witness in the case, and testified in his own behalf, and had testified on cross-examination about the matters inquired about, as shown by the statement of facts. The testimony of Hardin was admitted upon the ground that the appellant has testified in his own behalf, and that his attention had been called to the facts sworn to by Hardin while on the stand. Now, it is well settled by the decisions of this court that, for the purpose of impeaching the testimony of a defendant, the confession and statement made while under arrest or in jail, though he may not have been cautioned, can be resorted to. See Quintana v. State, 20 Tex. Crim. App., 401. It is evident from this record that the confession was not admitted because, in pursuance thereof, fruits of the crime had been discovered, but solely upon the ground that he had testified in

the case, as shown by the explanation of the judge. There was no error in admitting in evidence the testimony of Hardin, but the error consists in refusing to instruct the jury for what purpose the said evidence was introduced, viz: to impeach the testimony of the defendant, and not as original testimony for the purpose of proving the guilt of the accused. It is well settled in this State that, where such testimony is introduced, it is the imperative duty of the court to instruct the jury as to the use they should make of it, and to strictly limit it to that use. See Paris v. State, ante p. 82, and authorities there cited. Counsel for appellant requested the court to give such a charge, which was refused. After the testimony for the appellant had closed, Hardin was introduced, and swore to the confession made by the appellant to him while in jail. Appellant moved to postpone the case to procure the testimony of John Hodges, who was in the jail at the same time Hardin says the confession was made, and the man that Hardin said heard the confession. It appears from the record that the appellant was not aware that Hardin would be used as a witness at all until his cross-examination, whereupon appellant proceeded at once to obtain process for Hodges, using every degree of diligence within the bounds of reason. In fact, when the last process was sent to Arlington, the sheriff left only two hours before Hodges reached that place. Here was a complete surprise upon the part of the appellant. Hardin's name was not on the back of the indictment, and no intimation was made, until his cross-examination, that he would be used as a witness. Under these circumstances he requested the court to postpone the trial until he could secure the attendance of Hodges. The court postponed the trial for a day or two, but finally continued the trial, and the case was closed without the testimony of Hodges. To this appellant reserved his bill of exception. Now, whether the court acted correctly in refusing to postpone the trial further, it is not necessary for us to decide. Hodges' testimony was of the highest importance to the defendant. The evidence of Hardin had been left before the jury by the court as original criminative testimony. If Hardin told the truth, a deliberate confession was proven, with the particulars thereof. Concede that the court did not err in refusing to postpone the trial further, yet upon motion for a new trial, when the affidavit of Hodges was procured, there could be no doubt of its being the duty of the court to grant a new trial. Hodges, in his affidavit, traverses every fact sworn to by Hardin, and swears that bad blood existed between appellant and Hardin; that Hardin cursed and threatened him, saying that he would swear him into the penitentiary—and also shows that appellant called upon him to witness the fact that appellant would not converse with Hardin, and that the prisoners regarded said Hardin as a detective. Appellant complains of the action of the court in instructing the jury, or rather in answering a question of law propounded by the jury to the court, because neither appellant nor his counsel were present. This matter will not likely arise upon another trial. The question pro-

pounded by the jury was whether they should say in their verdict, whether the conviction was had upon circumstantial or positive evidence. For the errors above discussed the judgment is reversed, and the cause remanded.

*Reversed and Remanded.*

Davidson, Judge, absent.