### Earl Ross v. The State.

No. 7426.    Decided December 6, 1922.

#### 1.—Selling Intoxicating Liquor—Indictment.

Where the indictment contained two counts, and by some inaccuracy the second count charged a different person than the defendant with the commission of a similar crime, which count the State dismissed, and the case was tried on the first count, there was no error.

#### 2.—Same—Intoxicant—Whisky—Charge of Court.

Whisky is intoxicating liquor and is also a spiritous liquor; but where the indictment charged intoxicating spiritous liquor, the charge of the court should have more properly followed the description of the liquor as laid in the indictment.

**3.—Same—Argument of Counsel—Personal Opinion of. Attorney.**

While the attorney for the State should not express his individual opinion as to the guilt of the accused, yet the statement of the assistant county attorney to the jury that the defendant is as guilty as Cain, was not reversible error.

**4.—Same—Other Offenses—Rule Stated—Evidence.**

Where proof was made over the objection of defendant of the fact that about an hour prior to the sale of the intoxicating liquor alleged, defendant sold a bottle of whisky to a different person, than the one charged in the indictment, which was a separate and distinct transaction, and which did not come within any of the exceptions to the rule, regarding proof of other offenses, the same is reversible error.

Appeal from the Criminal District Court of Tarrant. Tried below before the Honorable George E. Hosey.

Appeal from a conviction of unlawfully selling intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*McLean, Scott & McLean,* and *Baskin, Eastus & Greines,* for appellant.—On question of other offenses: McAnnally v. State, 73 S. W. Rep., 405; Hill v. State, 44 Texas Crim. Rep., 605; Kellam v. State, 238 S. W. Rep., 940; Wilson v. State, 194 id., 828.

*W. A. Keoling,* Attorney General, and *C. L. Stone,* Assistant Attorney General, for the State. On question of court's charge on spiritous liquor: Kluting v. State, 90 Texas Crim. Rep., 44.

LATTIMORE, JUDGE.—Appellant, was convicted in the Criminal District Court of Tarrant County of selling intoxicating liquor, and his punishment fixed at one year in the penitentiary.

A motion to quash the indictment was correctly overruled. There are two counts in the indictment, and by some inaccuracy the second count charged a different person than appellant with the commission of a similar crime. The State moved to dismiss the second count, which motion was sustained. The first count in the indictment was sufficient.

The indictment charged the. sale of intoxicating spirituous liquor. The proof showed without dispute that the liquor, if any, sold by appellant was corn whisky. This court has held as a matter of judicial knowledge that whisky is intoxicating. It is spirituous liquor. The charge of the court submitted to the jury the guilt of appellant as. dependent upon their belief that he had sold spirituous liquor. In our opinion the charge should more properly have followed the description of the liquor as laid in the indictment.

We would not be inclined to hold that the statement of the assistant county attorney in his argument to the jury that the defendant is as guilty as Cain, would be cause for reversal. While it is held that the attorney for the State should not express his individual opinion as to

the guilt of the accused, we know of no case in which a violation of this rule, where the language used was no stronger than that appearing in the instant case, has been held to be cause for reversal.

While the State was developing its case in chief, and before any proof had been adduced in behalf of appellant, and before his attorneys had cross-examined the principal State witness, proof was made over the objection of the appellant of the fact that about an hour prior to the sale alleged, appellant sold a bottle of whisky to a different person ·than the one charged in the indictment. It is stated in the bill of exceptions, which is approved by the trial court without qualification, that said sale so proven was a separate and distinct transaction from that involved in the charge in the instant case. The admission of such proof was error under all of the authorities known to us. It could not be claimed by the State that the introduction of this testimony comes within any of the exceptions to the rule regarding proof of other offenses than the one on trial, for no theory of the defense had been advanced or was in the case when this proof was made. Many authorities are cited in Branch's Ann. P. C., Sec. 166 demonstrating the uniformity of the rule rejecting evidence of separate and distinct transactions, unless there be a situation developed which permits the introduction of such testimony under one of the well known exceptions.

For the error in the introduction of said testimony the judgment of the trial court will be reversed and the cause remanded.

*Reversed and remanded.*