## Roark v. Commonwealth.

(Decided January 16, 1925.)

## Appeal from Letcher Circuit Court.

1. Indictment and Information—Indictment Held Defective for Failure to Specify Particular Offense.—Indictment charging the offense of unlawfully manufacturing, selling, possessing, bartering, giving away and keeping for sale, and transporting, spirituous, vinous, malt, and intoxicating liquors, held insufficient under Criminal Code of Practice, section 122, for failure to specify particular offense with which defendant was charged.

2. Indictment and Information—Failure of Indictment to Specify Particular Offense Held Waived by Failure to Demur or Move for Election by Commonwealth.—Defendant, who failed to demur to indictment or move for election by Commonwealth, waived failure of indictment charging "offense of unlawfully manufacturing, selling, possessing, bartering, giving away and keeping for sale, and transporting" liquor, to specify particular offense with which he was charged.

3. Intoxicating Liquors—Submission of Unlawful Possession where Only Testimony Showed Giving Away Held Error.—Where testimony of only prosecuting witness proved merely that defendant gave whiskey away in violation of Acts 1922, c. 33, section 1, submission to jury of offense of unlawful possession was error.

4. Witnesses—Witness who has Admitted Unfriendly Feelings Toward Party Cannot be Questioned on Redirect Examination as to Reasons Therefor.—Witness who has admitted on cross-examination that he has unfriendly feelings toward or bias or prejudice against party against whom he has testified cannot be interrogated on redistrict examination as to the reasons for such feelings, especially when it shows commission or charge of another offense.

R. MONROE FIELDS for appellant.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN DITTO, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The indictment in this case charges the appellant, Carter Roark, with "the offense of unlawfully manufacturing, selling, possessing, bartering, giving away and keeping for sale, and transporting, spirituous, vinous, malt and intoxicating liquors; committed in manner and form as follows, viz.: The said Carter Roark on the 15th day of May, 1924, in the county aforesaid did unlawfully manufacture, sell, possess, barter and give away to divers

persons whose names, number and indentity are to the grand jurors unknown, and keep for sale, and transport from place to place, spirituous, vinous, malt and intoxicating liquors, other than for sacramental, medicinal, scientific or mechanical purposes against the peace and dignity of the Commonwealth of Kentucky. It would require something more than the proverbial "Philadelphia lawyer" to determine the specific offense with which the defendant was charged, and a more glaring violation of section 122 of the Criminal Code of Practice, as well as an utter disregard of the constant and consistent holding of this court could scarcely be conceived. However, there was no demurrer filed to the indictment, nor was there any motion made for an election by the Commonwealth and the defect which would otherwise have availed the defendant was waived by him.

The only prosecuting witness was a brother of the defendant, and after stating his name, his relation to the defendant, and the fact that he appeared before the grand jury, he was asked and answered these questions: "In Letcher county within twelve months before that time did you see the defendant Carter Roark with any whiskey? A. Yes, sir. Q. Tell the circumstances. A. I was at his home in Letcher county and he gave me a drink of whiskey. Q. When was that before the indictment was returned? A. It was in February before the indictment was returned in May." He was then excused by the Commonwealth's attorney for cross-examination by defendant's counsel. From the quoted examination in chief, and which was all that was introduced by the Commonwealth, it readily will be seen that the charge of *giving away* whiskey was but vaguely testified to. But conceding the testimony as sufficient for the purpose, the only offense it proved was that of giving away whiskey, an offense denounced by section 1 of our present prohibition act, being chapter 33, page 109 of the Session Acts of 1922. But the court in its instruction submitted to the jury only the offense of defendant unlawfully *possessing* intoxicating liquor, and there was a verdict of guilty upon which judgment was pronounced after the motion for a new trial was overruled, and from which this appeal is prosecuted.

Supplementing the errors above recited, the court permitted the Commonwealth, in re-examination of the prosecuting witness over the objections and exceptions of defendant, after it was developed upon his cross-ex-

amination that he was not upon good terms with his brother, the appellant, and had not spoken to him for nearly a year, to tell the reasons for his refusing to speak to his brother and for his coolness or ill-feeling toward the latter. That reason was that defendant previously had been arrested for some offense and witness became his surety on his bail bond, and defendant was not present in court at the calling of the trial of the charge and a forfeiture was taken. It was not shown that witness was compelled to pay the bond but he did pay, according to his testimony, the sum of $25.00 for expenses incident to the forfeiture. That testimony, under the condition of the record at the time it was introduced, was erroneous, and to our minds prejudicial. The text in 40 Cyc. 2674 states the general rule touching the latitude allowed in re-examination of a witness who has testified to bias, prejudice or ill-feeling toward the person against whom he appeared as a witness, thus: "A witness who has admitted unfriendly feelings toward or bias or prejudice against the party against whom he has testified cannot be interrogated on redirect examination as to the reason for such feelings." A number of cases are cited in note 6 as supporting the text, with a few holding to the contrary. Following the quotation it is stated in the text that there are certain exceptions that are therein set out but which need not be stated here, since this case does not fall within any of them.

We are inclined to endorse the general rule, especially under the facts of this case, for to allow the evidence would result in the injection of a collateral issue, and at the same time permit the introduction of a separate and independent criminal charge against defendant, the inevitable effect of which would be to prejudice the jury against him. We, therefore, think that the better practice is, as stated in the excerpt, *supra,* where the case does not fall within any of the modifications and exceptions subsequently stated in the text, and especially so where the explanation of the ill-feeling necessarily serves to develop a commission by or a charge against defendant of another and independent crime.

We, therefore, conclude that the defendant has not had even a "tolerably fair" trial, and that the judgment should be and it is reversed with the directions to grant a new trial and for proceedings consistent with this opinion.