JIM SINGLETERRY v. THE STATE.

No. 9300.   Delivered June 5, 1925.

**1.—Manslaughter—Evidence—Improperly Admitted.**

Where upon a trial for murder, the defense being predicated upon illicit relations of deceased with appellant's wife, it has reversible error to permit the State to prove that appellant had whipped his wife, accentuated by the failure to show the time of such occurrence. Following Bryant v. State, recently decided, not yet reported, and other cases cited.

**2.—Same—Charge of Court—On Issue Not Raised—Properly Refused.**

Where the appellant, testifying in his own behalf, expressly denied that he armed himself for the purpose of seeking deceased and demanding an explanation of his conduct toward his wife, the court properly refused to charge the jury that he had the right to so arm himself. Following Williford v. State, 38 Tex. Crim. Rep. 393 and other cases cited.

Appeal from the District Court of Houston County. Tried below before the Hon. Ben F. Dent, Judge.

Appeal from a conviction of manslaughter; penalty, two years in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BERRY, Judge.—Appellant was convicted in the district court of Houston County for the offense of manslaughter and his punishment assessed at confinement in the penitentiary for a term of two years.

The record shows that the killing occurred on account of the alleged illicit relations between deceased and the wife of appellant. Appellant offered testimony tending to show that he acted in self defense and the court properly submitted the questions of murder, manslaughter and self-defense to the jury.

Appellant's first bill of exception complains of the admission in evidence of the testimony of the witness Baker who testified that appellant had told the witness that his, appellant's, wife had made him mad and he had whipped her, but that he did not tell him when he whipped her. Various objections were urged by appellant through his counsel to the admission of this testimony. Among said objections, one being to the effect that it was proof of an extraneous crime of a character highly prejudicial to defendant; and another to the effect that no time or place of the occasion was laid when said whipping was done, and no connection was shown of the whipping with the killing by defendant of the deceased. Appellant's contention in this respect must be sustained. The identical question under facts peculiarly similar, was decided by this court in the recent case of Bryant v. State, not yet reported. In that case the state was permitted to ask appellant's daughter, who was a witness against him, if he had not whipped her and abused her. In that case this court held that notwithstanding the fact that the court instructed the jury not to consider the testimony, the very asking of the question was error under the facts of that case.

It has been the unbroken rule in this state that the defendant should be tried on the merits of each case. In this case there was no question of identity, intent or system raised by the evidence and there is no pretense made that the whipping of the wife by the appellant is a part of the res gestae in this case. It was simply proof to the effect that he had on a former occasion been guilty of an infraction of the law. Pettiet v. State, decided May 27, 1925. Rosamond v. State, 268 S. W. 297. Nichols v. State, 260 S. W. 1050. Browning v. State, 255 S. W. 1113. Ross v. State, 245 S. W. 680. Many other authorities might be collated sustaining the proposition that the admission of this testimony was both erroneous and harmful.

Appellant also complains that the court erred in refusing to charge the jury that the defendant had a right to arm himself and seek deceased for an explanation of deceased's conduct toward his

wife.  Under the facts of this case, this charge was properly refused.  The court gave an unqualified charge on self-defense.  This charge nowhere abridged his right to act in self-defense and no charge on provoking the difficulty was given.  In addition to this, appellant testifying in his own behalf, expressly denied that he armed himself for the purpose of seeking deceased and demanding an explanation of his conduct toward his wife.  Appellant's counsel makes a very ingenuous argument to the effect that notwithstanding the record is as above stated, he was still entitled to the above charge.  We cannot agree with this contention.  The authorities in this state are to the contrary.  Williford v. State, 38 Texas Crim. Rep. 393.  Smith·v. State, 81 Texas Crim. Rep. 368.  Harrison v. State, 60 Texas Crim. Rep. 534.

For the error of the trial court in permitting the testimony as to appellant's whipping his wife, it is our opinion that the judgment should be reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.