## John Graham v. The State.

No. 13254.   Delivered April 16, 1930.
Reported in 27 S. W. (2d) 202.

The opinion states the case.

*F. O. Fuller* of Houston, and *H. S. Lilley,* of Cold Springs, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is possession of a still, mash and equipment for the purpose of manufacturing intoxicating liquor; the punishment, confinement in the penitentiary for one year.

A federal prohibition enforcement officer and the sheriff discovered on appellant's premises a still in the process of manufacturing whiskey, some mash and other equipment. There was a trail leading from appellant's residence to the still, which was a distance of about one-half mile. Prior to discovering the still, the prohibition enforcement officer had gone to appellant's residence and requested appellant to sell him a gallon of whiskey. According to the witness' testimony, appellant told him that it would be about three hours before he could get the whiskey. Appellant went with the witness to another party to get some whiskey. While they were returning to appellant's home appellant told the witness that he had a couple of negroes running a still for him and that they were then "cooking off whiskey." The witness told appellant that he would like to get a pint of the whiskey in order to try it out. Appellant sent his little boy away from the house with an empty pint bottle. In

a short while the boy returned with a pint of whiskey and appellant gave it to the witness. The little boy followed the trail that lead to the still. One of the negroes who was operating the still testified that appellant paid him two or three dollars each time he operated the still for him. Appellant did not testify in his own behalf and offered no witnesses.

Appellant filed his first application for a continuance wherein he alleged that he was not ready for trial because of the absence of his wife. It was averred in the application that appellant's wife would testify, if present, that appellant did not have in his possession a still, mash and equipment for the purpose of manufacturing intoxicating liquors; that the witness resided with appellant and was fully conversant and acquainted with his premises, and that appellant did not possess equipment for manufacturing intoxicating liquor as alleged in the indictment; that witness was present when appellant and the federal prohibition enforcement officer had a conversation with reference to whiskey, and that appellant did not tell said officer that he owned a still. Appellant had issued no process for his wife. He alleged in his application that she would have been in attendance on the trial of the cause had it not been for the fact that she was ill and physically unable to come into court. The court qualified the bill of exception relating to the application for a continuance as follows:

"The defendant's application for a continuance was contested by the state's counsel on the grounds that no diligence was shown by defendant to secure his wife's attendance as a witness; that it was not alleged the defendant reasonably expected his wife's attendance though not summoned or that she would have been in attendance on the trial, and further, that defendant's wife was also indicted for sale of intoxicating liquors under separate bill of indictment, and further, that the proof showed upon the trial that equipment for making and manufacturing intoxicating liquors was being operated by two negroes for defendant some half mile from defendant's residence in woods and it does not appear that said witness was ever present at said place or knew anything of the operation of said still."

Appellant relies upon Phillips v. State, 34 S. W. 272 and Ball v. State, 72 S. W. 384, wherein the refusal to grant a new trial because of the absence of the wife of the accused was held to be error, notwithstanding the fact that the wife had not been supoenaed. We deem it unnecessary to discuss the cases referred to or to decide whether we are in accord with the doctrine there announced. That

there was a still in operation on appellant's premises was undisputed. The allegations in the application for a continuance to the effect that appellant did not possess a still and equipment for manufacturing intoxicating liquor constitute a conclusion. There is no statement in said application that the wife of appellant had been to the place where the officer testified they found the still and that there was no still there. The affidavit of the witness which was attached to the motion for new trial is in substantially the same language as set forth in the motion. That part of the application relating to a denial on the part of appellant's wife that appellant had stated to the prohibition enforcement officer that he owned the still embraces testimony which would only be available to impeach the state's witness. It is the general rule that a continuance sought to secure testimony which would only be available to impeach a witness should ordinarily be refused. Branch's Annotated Penal Code of Texas, Section 324; Rogers v. State, 38 S. W. 184; Early v. State, 103 S. W. 868. The opinion is expressed that the learned trial judge properly overruled the application and appellant's motion for new trial.

Bill of exception No. 2 complains of the refusal of the trial court to permit appellant to offer proof before the court in support of his application for a continuance. In this connection, appellant offered to prove to the court that the absent witness was his wife; that she and appellant were living together as husband and wife, and that she was at the time too ill to be in attendance upon the court. Our disposition of the question presented by bill of exception No. 1, discussed above, disposes of the matter presented by the bill under consideration.

By bill of exception No. 3 appellant complains of the action of the court in permitting one of the negroes who was running the still to testify that a little boy came to the still after whiskey during the month of July, 1929, and that the witness sent appellant a pint of whiskey by said party. This testimony was objected to on the ground that it was an act done out of the presence and hearing of appellant. The court qualified the bill as follows: "There was no proof permitted of any statements made by the boy or girl or Milton White; but it further appears from the evidence of witness Hammond he was present when defendant sent the negroes, who were making whiskey for defendant, their dinner by these children of his, and that witness Milton White, who was making whiskey, was permitted to state he sent a pint of whiskey to the boy's father,

John Graham, and left with it going towards defendant's home." As qualified, the bill fails to manifest error.

Failing to find error, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.