ROBERT LEE FAWCETT V. STATE.

No. 24071. June 9, 1948.
State's Rehearing Denied October 13, 1948.

Hon. Owen M. Lord, Judge Presiding.

*D. H. O'Fiel*, of Beaumont, for appellant.

*Jep S. Fuller,* County Attorney, and *Ramie H. Griffin,* Assistant County Attorney, both of Beaumont, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of the murder with malice of his wife, Velma Louise Fawcett, and awarded a term of ten years in the penitentiary.

Appellant, a man of 28 years of age and the father of three children by a former wife, married the deceased, then fifteen years old, and lived with her while on shore, he being a sailor. After purchasing a small tract of land near Vidor in Orange County, appellant moved his wife and three children thereto. On the day on which the deceased was shot, appellant came into dock on his ship and visited his grandmother, Mrs. Elida Fawcett, in Beaumont. There he found his children and talked with them. They complained to him about their treatment at the hands of his wife. He then hired a taxicab and went to the place near Vidor and obtained some clothes and other things. Failing to find his wife at home, he returned to Beaumont and stopped at Jack's Tavern, where he found his wife in company with other women friends. He sat down across the table from her and ordered some beer. Prior thereto, he had gone to a pawnbroker's shop where he had pawned a .22 caliber pistol and redeemed the same. He placed the pistol and a bottle of whisky in a sack. While talking to his wife, the complaint of his children came up in the conversation, and she was questioned relative to her misconduct with other men, which she first denied but finally admitted, and accused him of similar acts with other women. She finally gave him the name of the man who was visiting her. The pistol, which was in his lap, was discharged, the bullet striking her in the lower abdomen and lacerating the bladder and other vital portions there located, from which wound she eventually died.

The issue was joined as to whether this shooting was accidental or purposely done by appellant.

It is evident from the record that appellant had made a written statement soon after the shooting, and that same was in possession of the State, but was not offered in the presentation of the State's case until after appellant had taken the stand and given his version of the fatal shooting of his wife. His testimony showed an accidental firing of the pistol in some manner that he was unable to explain. The State then offered in

evidence the written statement made to B. O. Craft, Jr., an officer, which statement bore the statutory warning relative thereto as prescribed by Art. 727, C. C. P., and which seemed to be material in regard to the firing of this weapon. This statement was offered by the State after the defense had closed its testimony, and in a sense, same was in rebuttal. Nevertheless, it was also admissible as original testimony. This statement was introducible at any time if it appeared to be necessary to a due administration of justice. See Art. 643, C. C. P.

The case of Phillips v. State, 35 Tex. Cr. R. 480, 34 S. W. 272, relied upon by appellant as holding that when rebuttal testimony is introduced by the State, it was the duty of the trial court to limit such testimony to be used in rebuttal only, as contended by appellant, will bear a close scrutiny. In that case, there was an instrument in the nature of a confession, but same lacked the evidence of a necessary warning and was therefore not admissible as evidence. However, the accused took the witness stand and certain portions of that inadmissible statement were utilized in a cross-examination of the accused, and it was held by this court that the trial court should have instructed the jury that such admitted portions of this statement were admissible only as impeaching testimony. No such conditions are shown herein. Appellant's written statement appears to be admissible at any time, either as testimony in chief or in rebuttal. We also think that the case of Dowlen v. State, 144 Tex. Cr. R. 177, 161 S. W. (2d) 1067, is not in point. Furthermore, in that case, the impeaching testimony relating only to statements made by accused's alibi witnesses outside of the court as to his and their whereabouts at the time the alleged offense was said to have been committed could have been used for no other purpose than to impeach such witnesses, and it was therein held that the trial court should have limited such in his charge.

Bill of Exceptions No. 2 complains because the trial court allowed the introduction of the testimony of Miss Hazel Pluecker, an Assistant County Attorney, who handled the domestic relations cases in Jefferson County, in which she testified that Mrs. Elida Fawcett, the grandmother of appellant, had consulted her in the year 1946, wherein the grandmother was complaining of appellant's failure to support his three children; that she had also talked with L. I. Fawcett and W. L. Fawcett, uncles of the appellant, as well as other members of his family about eight months after the first conversation relative thereto. This bill shows that such testimony was evidently offered by the State for the impeachment of appellant's testimony wherein

it was stated in substance that he loved his wife and children and was kind to and supported all of them.

Appellant also introduced a letter from his wife containing endearing terms and professing love for him; that he also had present in court an alarm clock which he had purchased and intended as a gift to her at the time she was shot.

The grandmother also testified for appellant and upon her direct examination said:

"Robert Lee has always provided for his children. There was about two months that I think his wife was getting the money and she failed to help me with the children. Robert was out at sea at that time."

The uncle, L. I. Fawcett, questioned by appellant's attorney, admitted that he visited at the office of Miss Pluecker and made complaint to her relative to the support of the children by appellant, and the matter was finally straightened out.

That the testimony of Miss Pluecker was hearsay is evident, and unless made admissible in an impeachment of defense testimony, such should not have been admitted. It is apparent that one who was receiving a wage of $200.00 per month as a seaman and who did not support three children by a deceased wife, would merit but little consideration at the hands of a jury. No complaint was filed, however, in such matters, and the action of the grandmother who testified that she had no recollection of a visit to Miss Pluecker's office and it was her judgment that she did not do such and made no such complaint would allow the State to impeach her relative to her statements as to appellant not supporting his children. But we do think that the testimony of Miss Pluecker as to the grandmother's visit should have been limited by the court for the purpose of impeachment only of the grandmother's statement above quoted. This testimony was not so limited in the court's charge, and we think it should not have been admitted as original testimony and allowed to have thus remained with the jury. The testimony related to the acts of other persons than appellant and leaves the inference that he failed to support his children by a former deceased wife, but same had no bearing upon the death of the second wife who was the stepmother of these children. This was also the admission of an extraneous offense, with no bearing on system, intent, motive, identity, or as res gestae, but merely had a tendency to show appellant to be a man who would not provide support for his motherless children, and doubtless had

its effect upon the jury, who gave him ten years' confinement as a punishment herein. See Robidoux v. State, 116 Tex. Cr. R. 432, 34 S. W. (2d) 863; Sanderson v. State, 109 Tex. Cr. R. 142, 3 S. W. (2d) 453; Ross v. State, 93 Tex. Cr. R. 61, 245 S. W. 680; Browning v. State, 96 Tex. Cr. R. 103, 255 S. W. 1113; Nichols v. State, 97 Tex. Cr. R. 174, 260 S. W. 1060; Rosamond v. State, 97 Tex. Cr. R. 596, 263 S. W. 297; Singleterry v. State, 100 Tex. Cr. R. 399, 273 S. W. 593; Bryant v. State, 99 Tex. Cr. R. 271, 600 S. W. 10; Pettiett v. State, 100 Tex. Cr. R. 255, 272 S. W. 473.

We are not in accord with appellant's contention that the trial court should have charged on negligent homicide in either degree. According to appellant's contention, any killing performed by the use of an unlawfully carried pistol would be negligent homicide. Such is not the law. Again, the careful trial judge charged upon an accidental killing, and in the event of a belief thereof or a reasonable doubt thereof, then he directed an acquittal of appellant. We think this charge was correctly given, and was more liberal than one on negligent homicide.

For the error in admitting the testimony of Miss Pluecker, the judgment will be reversed and the cause remanded.

ON STATE'S MOTION FOR REHEARING.

DAVIDSON, Judge.

We have again reviewed the record in the light of the State's motion for rehearing, and remain convinced that the testimony showing the grandmother complained in 1946 to the assistant county attorney that appellant had failed to support his children was error, especially in view of the fact that such testimony was not limited before the jury to impeachment purposes only.

In this conclusion, we are not determining that a limiting charge would have cured the error, against a contention that the testimony, though impeaching, was upon an immaterial matter. The question is neither presented nor decided.

Believing that the case was correctly disposed of originally, the State's motion for rehearing is overruled.

Opinion approved by the Court.