## O. C. Lanham v. The State.

### No. 8639.   Delivered March 4, 1925.

1.—Manufacturing Intoxicating Liquors—Indictment—Several Counts—Limiting Testimony.

Where the appellant is being tried on an indictment which charges in several counts, different acts of manufacturing intoxicating liquor, on different dates and at different places, the state should be required to elect upon what specific date it will rely for a conviction, and the court should charge the jury not to permit the testimony as to other offenses in evidence to influence them, in passing upon appellant's guilt or innocence of the offense, on the date selected by the state. See cases cited in this opinion.

2.—Same—Charge of Court—Improper Question—Should be Withdrawn.

Where a witness was asked by the state, without objection, if he knew what appellant's business was, and replied that appellant's business was making whisky,—on motion of appellant, this question and answer should have been withdrawn by the court, and the jury instructed not to consider it for any purpose, it not appearing that appellant anticipated what the answer to the question would be.

3.—Same—Evidence—Indicating Prejudice of Witness—Admissible.

The prejudice of a state witness against appellant can be shown, and statements of such witness that he was going to do all he could to send the appellant to the penitentiary were admissible, both as a predicate for impeachment, and as direct evidence, and it was error for the court to exclude such testimony.

4.—Same—Remarks of Counsel—In Presence of Jury—Erroneous.

Where counsel for the state in reply to objections made to the testimony of a witness for the state made a statement in the presence of the jury to the effect that appellant or his friends were undertaking to intimidate the state witness, such remarks, were improper and calculated to injure appellant, and the court should have charged the jury in writing not to consider nor permit themselves to be influenced by such remarks, and a failure to so charge would constitute a reversible error.

Appeal from the District Court of Bosque County.　Tried below before the Hon. Irwin T. Ward, Judge.

Appeal from a conviction of manufacturing intoxicating liquor; penalty, one year in the penitentiary.

The opinion states the case.

*E. T. Adams,* of Glen Rose, *Simpson, Moore, Parker & Rawlings* of Ft. Worth, for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the district court of Bosque county of manufacturing intoxicating liquor, and his punishment fixed at one year in the penitentiary.

The indictment contained a great many counts, and the State instructed evidence of a large number of transactions, the objections of appellant to which were overruled upon the ground that the State was not compelled to elect until it closed its case.　The State finally elected to proceed upon the first count, which charged appellant with manufacturing liquor, and also elected to proceed upon a transaction occurring on August 10, 1923.　The State witnesses had testified to a number of occasions on which appellant had manufactured intoxicating liquor at different points in Somervell County.

Appellant presented a special charge, in substance, asking that the jury be told that the evidence of the witnesses Watson and Harris, with reference to having seen him manufacture intoxicating liquor on dates and occasions other than the one relied on by the State in this case for a conviction, to-wit; on or about the 10th day of August, 1923, could not be considered by the jury as a circumstance showing or tending to show that the accused committed the offense on the occasion relied on by the prosecution.　This charge was refused, and no charge was given by the court limiting or attempting to limit or withdraw from the jury the testimony as to other instances of the manufacture of intoxicating liquor at different times and places from that of August 10th.　In our opinion this action of the court was erroneous.　Manifestly, to prove that appellant had manufactured intoxicating liquor at a number of other times and places than that charged in the indictment, would strongly support the proposition in the minds of the jury that he was generally a manufacturer of such liquor.　To prove that one charged with burglary or theft had committed a number of other disconnected burglaries and thefts would be manifestly unfair and would create such feeling and prejudice against the accused as would render it difficult for the jury to give him a fair trial upon the particular act laid as the basis of the prosecution.　Generally speaking, where there is danger that testimony

of another transaction in evidence than the one relied on, might cause conviction, or might be given unwarranted weight by the jury as tending to prove the main fact or transaction, it is held error not to limit the testimony as to the other transactions to the purpose for which it was admitted, and in a case such as the one before us—where it was admitted under the hypothesis that it was admissible as supporting some other count in the indictment, or that the State had not reached the point where it was ready to elect upon a particular transaction, the evidence as to other transactions should be withdrawn or the jury instructed not to consider same as affecting or showing the guilt of the accused in the particular transaction on trial. Taylor v. State, 22 Texas Crim. App. 545; Betts v. State, 144 S. W. Rep. 677; Gould v. State, 147 S. W. Rep. 247; Thornley v. State, 36 Texas Crim. Rep. 124; Bailey v. State, 155 S. W. Rep. 538.

There is a bill of exceptions complaining of the refusal of the trial court to withdraw from the jury the answer of a witness who was asked by the State if he knew what appellant's business was. The witness answered that appellant's business was making whiskev. It is made to appear that appellant's attorney did not know or could not reasonably apprehend that this would be the answer of the witness, and deeming it hurtful and improper he requested that the answer be withdrawn. In our opinion the answer was improper and should not have been elicited, and the court erred in not directing the jury not to consider it. It was quite likely the learned trial judge, and possibly the prosecuting attorney, did not suspect that such answer would be made.

It appears from bill of exceptions No. 9 that appellant's attorney asked a State witness if he had said a short time before the trial that he was going to do all he could to send appellant to the penitentiary, or convict him. The court sustained the State's objection to the question asked by appellant. The ground of the objection is not stated. If it was based on the proposition that no time, place or persons were named in the predicate sought to be laid, the objection was correctly sustained, but if the objection was sustained upon the ground that such testimony was not material and pertinent, it was erroneous.

Bill of exceptions No. 10 sets out the fact that the State's attorney asked witness Harris if it was not a fact that since he had been in attendance upon the court at Meridian and also at Cleburne that he had been threatened that "they were going to file a complaint against you." This was objected to as immaterial and as not shedding any light on any issue involved, and as being too general, and the statement was made by appellant's counsel that if the State undertook to show that appellant made any such threats

it would be a different proposition. Thereupon the special prosecuting attorney said:

"If the court please, this witness is a stranger in this country and counsel asked him if he wasn't brought here out of the jail at Dallas. That is true, and the purpose of these questions is simply to show that it was nothing but a frame up, and this man was taken out of his own house by a bunch of officers from Dallas and was denied the right to make bond, and was denied the right of his wife seeing him, and for no other purpose but to keep him out of this court and from testifying here in this case, and they kept him up there after I asked them to turn him loose to let him come down here, and this thing has been brewing for more than three weeks before this court opened, and this witness has been threatened with that by a bunch of bootleggers to keep him away from this court."

Thereupon appellant's counsel moved the court to instruct the jury not to consider the statement of the counsel so made, in the presence of the jury which was done orally, but appellant reserved his bill of exceptions to the making of the statement in the presence of the jury as being calculated to influence and prejudice them against appellant. We can see no purpose in the making of such statement in the presence of the jury, and are unable to see how it could fail to be hurtful. It was a statement of a group of facts based upon the idea that appellant, or appellant and his friends were undertaking to intimidate the witness and to remove witness from the presence of the court and keep him from testifying.

For the reasons mentioned the judgment of the trial court will be reversed and the cause remanded.

*Reversed and remanded.*