## WILLIAM L. MILES v. THE STATE.

### No. 9253.   Delivered March 11, 1925.

**1.—Aggravated Assault—Motion for New Trial—Must be Verified.**

> Where a motion for a new trial on the grounds of newly discovered testimony, is not verified by appellant nor his attorney, it will not be considered.

99 Tex. Crim.—22.

2.—Same—Affidavit of Witness—Attorney Cannot Take.

An attorney, who is also a notary Public, cannot take an affidavit of a witness for his client, and such affidavit will not support the averment in a motion for a new trial. See Branch Ann. Tex. P. C., Sec. 195.

Appeal from the Criminal District Court of Harris County. Tried below before the Hon. C. W. Robinson, Judge.

Appeal from a conviction for an aggravated assault, by colliding with a person, negligently, on a public highway; penalty, a fine of one hundred dollars.

The opinion states the case.

No brief filed by appellant.

*Tom Garrard*, State's Attorney, and *Grover C. Morris*, Assistant State's Attorney, for Appellant.

MORROW, PRESIDING JUDGE.—The offense is aggravated assault; punishment fixed at a fine of one hundred dollars.

The prosecution is under Art. 1022a, Vernon's Complete Statutes of 1920, in which it is provided in substance that any driver of a motor vehicle upon the public highways of this State who, wilfully or with gross negligence, collides with or causes injury to any person upon such highway, is guilty of an aggravated assault.

The record is not accompanied by a statement of the evidence that was heard upon the trial; nor is there complaint of any ruling of the trial court, affirmative or negative, or of the charge of the court.

The sole matter calling for a review is the action of the trial court in overruling the motion for a new trial. In one paragraph of the motion, it is claimed that since the trial there had come to the knowledge of the appellant testimony by which he would be able to show that at the time of the collision he was driving his car at a rate of speed not exceeding twenty miles per hour and that the injured party was at fault. The motion is signed by the appellant but is not verified by the affidavit of either the appellant or his attorney. Reference is made in the motion to the affidavit of one Limper, which does appear attached to the motion. It was taken by the attorney for the appellant who was acting as a notary public. The absence of the verification of the motion by the oath of the appellant precludes the consideration of the ground mentioned. See Vernon's Texas Crim. State, Art. 837, p. 777; Branch's Ann. Texas P. C., Sec. 192. Even if the motion were sworn to by the appellant, the affidavit of the witness taken by the attorney for the appellant would not support the averment. See Branch's Ann. Texas P. C., Sec. 195.

The judgment is affirmed.

*Affirmed.*