IRVIN SMITH v. THE STATE.

No. 14724. Delivered January 20, 1932.
Rehearing Granted June 22, 1932.
Reported in 51 S. W. (2d) 686.

The opinion states the case.

*M. B. Briggs,* and *Maberry & Maberry,* all of Gilmer, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for selling intoxicating liquor; punishment, two years in the penitentiary.

The jury have passed on the facts, which are in conflict and there being sufficient evidence to support the conclusion reached, we must decline to interfere. There are seven bills of exception, which will be noticed in their order.

A charge which tells the jury that the accused is indicted for the offense of selling intoxicating liquor to one Sheffer, and that in no event can appellant be convicted of any other offense than that charged in the indictment, is not open to an objection that it assumes that there are other cases against appellant, nor is it on the weight of the evidence, nor does it convey to the jury any assumption of the guilt of the accused. This is the matter complained of in the first bill of exception.

Referring to the complaint set out in bill of exception No. 3, we are of opinion that the court properly told the jury that evidence showing that appellant had been convicted of a felony prior to the instant prosecution, could only be considered in passing on his credibility as a witness, if at all, and that same must not be considered for any other purpose. Roberts v. State, 44 Texas Crim. Rep., 267, 70 S. W., 423. A charge similar in verbiage and principle was given limiting the effect of testimony showing that a defense witness had been convicted of a felony prior to this trial. There was no error in the giving of this charge.

Appellant sought a new trial on the ground of the newly discovered evidence of one Sims whose affidavit was attached to the motion. Said affidavit was sworn to by and before appellant's attorney and cannot therefore be considered. Gibbs v. State, 99 Texas Crim. Rep., 186, 268 S. W., 736; Miles v. State, 99 Texas Crim. Rep., 337, 269 S. W., 1056; Garner v. State, 100 Texas Crim. Rep., 626, 272 S. W., 167; Steele v. State, 87 Texas Crim. Rep., 588, 223 S. W., 473; Snow v. State, 91 Texas Crim. Rep., 1, 237 S. W., 563, 20 A. L. R., 1180. See, also, authorities cited in note 12, notes under article 756, Vernon's Annotated Crim. Stas. of 1925; Garza v. State, 65 Texas Crim. Rep., 476, 145 S. W., 591, and authorities cited in section 194, Branch's Ann. P. C.

We see no error in bill of exception No. 6 complaining that the alleged purchaser was permitted to testify orally that he was a deputy sheriff of the county at the time in question. Nor do we attach any serious importance to the complaint that the court refused to let appellant ask a state witness if he had not been drunk a dozen times. That a witness had been drunk has never been held, as far as we know, provable against him as affecting his credibility. That he was drunk at the time of an occurrence about which he undertakes to testify, has always been held admissible as affecting his accuracy, capacity for observation, memory, etc. The court properly sustained objection to the question propounded by defense counsel to a state witness if he had not been drunk a number of times. The statement in said bill of exception that the witness "was expected to answer" that he had been drunk about the day

of the alleged purchase, fails to bring the matter within the rule last above stated. "What is expected of a witness" may be very different from what in fact the witness would have answered. Equally true is it that "about the day" of a certain occurrence is too indefinite as a predicate for concluding that the witness, if permitted to answer, would have fixed the exact date laid in the indictment.

The court limited the testimony of witness Sheffer as to a sale of liquor made by appellant to him on April 4, 1931, the date of the sale alleged in the indictment herein being March 27, 1931. Appellant's objection to the charge limiting this testimony, as same appears in bill of exception No. 2, is as follows: "The above charge is alleged to be an error because the same is on the weight of the evidence because the court tells the jury: I have admitted evidence of another sale by the defendant to L. B. Sheffer alleged to have been made by the defendant of intoxicating liquor at a different time other than the sale alleged in this indictment."

Manifestly the charge was not on the weight of the evidence for any such reason as that set forth by appellant. The evidence of another sale than that charged in the indictment herein, was admitted without objection, and we think appellant's exception entirely insufficient to present any question for review. A somewhat similar charge was given in Terry v. State, 101 Texas Crim. Rep., 269, 275 S. W., 837, and was upheld.

The judgment will be affirmed.

*Affirmed.*

#### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—We have again carefully gone over this record, and have concluded that we were in error in not holding it reversible error for the court to instruct the jury as follows: "I have admitted evidence of another sale by the defendant to L. B. Sheffer, alleged to have been made by the defendant, of intoxicating liquor at a different time other than the sale alleged in this indictment. With reference to said testimony I instruct you as follows: First it is for you to determine whether such testimony is true, and second if you find the same is true, then it is admitted for your consideration and to be given such weight if any, as you may deem it entitled to in determining whether or not the defendant sold to L. B. Sheffer spirituous liquor capable of producing intoxication as charged in this indictment, and you must not consider it for any other purpose."

The only effect of a charge like this would be to induce the jury to consider proof before them that on another occasion beside the one charged in the indictment, and under circumstances which made it a wholly separate and disconnected transaction, appellant had sold intoxicating liquor, as aiding them in solving the question as to whether he

sold liquor at the time and place charged herein. There is no question under the authorities but that proof of the commission of a separate and disconnected though similar offense, at another time, is not admissible for the purpose of enabling the jury to determine the guilt or innocence of the accused of the particular act charged against him. Long v. State, 39 Texas Crim. Rep., 537, 47 S. W., 363; Ross v. State, 93 Texas Crim. Rep., 61, 245 S. W., 680; Lanham v. State, 99 Texas Crim. Rep., 410, 269 S. W., 799. In the latter case we said: "Manifestly, to prove that appellant had manufactured intoxicating liquor at a number of other times and places than that charged in the indictment would strongly support the proposition in the minds of the jury that he was generally a manufacturer of such liquor. * * * Where there is danger that testimony of another transaction in evidence than the one relied on might cause conviction, or might be given unwarranted weight by the jury as tending to prove the main fact or transaction, * * * the jury [should be] instructed not to consider same as affecting or showing the guilt of the accused in the particular transaction on trial," citing authorities.

In the instant case proof was admitted of a separate and distinct sale of liquor by appellant. It was admitted without objection, hence the error of its admission would be of no avail. However, in the charge the court instructed the jury regarding this testimony, as above set out, and the charge was excepted to. We think the charge erroneous, and have concluded the error of sufficient gravity to call for a reversal of the case.

The motion for rehearing will be granted, the judgment of affirmance set aside, and the judgment of the trial court reversed and the cause remanded.

*Reversed and remanded.*