CHARLES DOWLEN V. THE STATE.

No. 22118. Delivered May 13, 1942.

The opinion states the case.

*E. T. Miller* and *Cleo G. Clayton, Jr.,* both of Amarillo, for appellant.

*Spurgeon E. Bell, State's* Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for rape. The punishment assessed is confinement in the State penitentiary for a term of twenty-five years.

The record shows that Leona Russell, the alleged injured female, was eight years of age at the time of the commission of the offense; that her brother, William Russell, and Earl James Walker were each seven years old; that all three attended the Canyon Grade School; that on the day in question they were dismissed at about 3:15 o'clock and started to walk

home; that when they had gone about a block from the school house appellant came along, driving a tan automobile; that he invited them to get into his car and said he would take them home; that when they arrived at the Walker house they let Earl James Walker out and appellant then drove away in the direction of the Russell home, where he stopped and William got out of the car. Appellant inquired of the children where a Mrs. Edwards lived and they pointed to a large house some distance away; that appellant would not let the prosecutrix out, stating that he wanted her to show him where Mrs. Edwards lived. Appellant asked William to get back into the car and after he did so, appellant drove up to the home of Mrs. Edwards but did not stop there, but kept driving west; that during the time of their ride he requested the prosecutrix to take her panties off which she did; that he drove out in the country about two miles, entered a pasture and drove about a mile when he stopped and told William to get out in the pasture to chase jack rabbits; that William did get out, went behind the car and cried. Appellant told her to lay down on the front seat, which she did, and he then got on top of her and had an act of sexual intercourse with her; that she began to cry because she wanted to go home; that after he had completed the act, he carried them back to Canyon to where Mrs. Edwards lived and let them out; that when she arrived home she immediately told her mother that she had been mistreated by a man, whereupon her mother went to the sheriff's office and reported the matter. The prosecutrix and her brother were not acquainted with appellant and did not know him, but she identified him as the man who had the act of sexual intercourse with her. She was taken to Dr. Neblett's office the next morning and examined, and sometime later she was again examined by him, but he was not called as a witness to testify as to what his examination of her disclosed. Neither the mother nor any of the aunts of the prosecutrix who were present when she arrived home testified to the condition of her person, clothes, or appearance other than that she appeared as if she had been crying. Nor was there any evidence produced which tended to show any laceration of her privates, any soreness, or that she complained of being sore. Her undergarments were not examined; if they were, the record is silent as to what, if anything, they disclosed. The appellant's car was taken to a fingerprint expert at Amarillo who endeavered to take the child's finger prints therefrom but he failed to obtain any.

It is obvious that if these avenues of information had been pursued and explored, some very potent and pertinent facts might have been discovered. Just why this was not done is not explained or disclosed by the record. Cases of this nature naturally arouse the mind of the average citizen to a high tension. Therefore, all available pertinent evidence should be brought before the court and jury and all the light should be turned on instead of casting a shadow upon such evidence as was produced. In view of the disposition we are making of this case, it is not necessary at this time to express any opinion upon the question of the sufficiency of the evidence because we are always loathe to disturb the verdict of a jury. See Stephens v. State, 99 Tex. Cr. R. 190, but we do say that the absence of evidence which seems to have been available is quite unsatisfactory to this court.

Appellant's next complaint relates to the court's action in declining to limit the State's impeaching testimony to the purpose for which it was introduced. It appears from the record that the alleged offense was committed (if committed) about 4:00 P. M. on September 25, 1939. Appellant's defense was that of an alibi. Roy Taylor and appellant's wife both testified that on the 25th day of September, 1939, they accompanied appellant to Amarillo in his car and returned to Canyon about 5:00 o'clock in the afternoon of the same day. The State, after having laid a predicate for the impeachment of said witnesses, proved by Bill Money that about 8:00 or 8:30 P. M. of that day he inquired of Taylor if he had been to Amarillo with the appellant; that Taylor said he had; that Money then inquired of Taylor as to what time they returned to Canyon, to which he replied, about 3:00 P. M. Louis Hix gave testimony of like character and to the same effect. B. F. Machen testified that he inquired of the appellant's wife where her husband was on the afternoon of the day in question, to which she replied that she did not know; that he came back to the house about 4:00 or 4:30 P. M. and went to bed. J. D. Hazelwood testified to the same effect.

It seems to be the well-settled rule in this State that if impeaching evidence may be used for any other purpose than to affect the credibility of the witness, the court should charge the jury that the testimony is to be considered by them only in determining the credibility of the witness or the weight to be given to his testimony. If the evidence cannot be so used,

such a charge need not be given. See Tex. Jur., Vol. 42, p. 136, sec. 99. In the instant case, appellant's wife and Taylor were important witnesses for him and their testimony went strongly to show appellant's absence from the scene of the offense at the time of its commission and established an alibi which, if true, sustained appellant's theory. The jury may have appropriated this evidence for the purpose of showing his presence at the time and place of the commission of the alleged offense. Consequently the court should have responded to appellant's objection and amended his charge by limiting the impeaching testimony; and the failure to do so presents reversible error. In support of what we have said here, we refer to the following authorities: Dusek v. State, 48 Tex. Cr. R. 519; Henderson v. State, 58 Tex. Cr. R. 581, and many cases there cited. See also James v. State, 219 S. W. 202 (204); Gatlin v. State, 40 Tex. Cr. R. 116; Branch's Ann. Tex. P. C., p. 109, sec. 180.

For the error pointed out, the judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.