VIVIAN JONES V. STATE

No. 28,618. December 5, 1956.

*Burks & Brown* by *Clifford W. Brown*, Lubbock, for appellant.

*Leon Douglas*, State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for the sale of whiskey in a dry area; the punishment, 30 days in jail and a fine of $200.00.

R. M. Barba, inspector for the Texas Liquor Control Board, testified that on April 18, 1955, he stopped his car about 15 or 20 feet from the appellant while she was standing in front of her house and that immediately after he had stopped, a boy about 12 years of age "came up to the window of my car and asked me what I wanted. I told him I wanted a half pint of whiskey. He then went over to Vivian (appellant), Vivian reached into her dress and pulled out a half a pint, which the kid brought over to me. I gave the kid $2.00 and he returned to Vivian and gave the money to her."

It was stipulated that Lubbock County was a dry area.

Appellant, testifying in her own behalf, denied that she at any time had a 12-year-old boy stand out in front of her house and sell whiskey for her; that she had a 10-year-old son and, at the request of the officers, took him to their office where the witness Barba stated that he was not the boy that handed him the whiskey.

Appellant complains of the failure of the court to limit the

consideration of the testimony of the witness Mackey for impeachment purposes in its charge to the jury.

Appellant, testifying on cross-examination, stated that she had never had a little boy selling whiskey for her.

Thereafter the state introduced for impeachment purposes the testimony of Charles Edward Mackey, a boy sixteen years of age, that he had sold whiskey for the appellant. On cross-examination he testified that the sales were made on November 8, 1955.

The sales of whiskey as shown by the witness Mackey on November 8, 1955, were not admissible in this case as original testimony. The complaint and information charging the instant offense were made and filed on April 28, 1955, and they alleged the offense to have been committed on or about April 18, 1955.

If the testimony could be used for any other purpose than impeachment, that is, as an incriminating fact, or as an undue or improper influence upon the jury as to the main issue on trial which might be injurious and prejudicial to the appellant, then it is the duty of the court to limit and restrict its effect in the charge. 1 Branch's Ann. P.C., 2nd Ed., 240, Sec. 210; Wakefield v. State, 98 Tex. Cr. R. 491, 266 S.W. 1097; Lanham v. State, 99 Tex. Cr. R. 410, 269 S.W. 799; Smith v. State, 121 Tex. Cr. R. 231, 51 S.W. 2d 686.

Proof that the appellant had used another young boy to sell whiskey at another time than the one shown by the state to have been used in making the sale here charged against the appellant would strongly support the conclusion that she was generally using young boys to assist her in selling whiskey and would be reasonably calculated to create such a feeling and prejudice as would render it difficult for a jury to give the appellant a fair and impartial trial upon the act charged.

The testimony of the witness Mackey was offered and admitted in evidence for the purpose of impeachment but because of its nature could have been used for other purposes to the prejudice of the appellant.

The failure of the court to limit the testimony in the charge in response to the objection under the facts calls for a reversal.

16

Other contentions presented will not be discussed as they will not likely arise on another trial.

The judgment is reversed and the cause is remanded.

Opinion approved by the Court.