**Emmitt Alfred BALLARD, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 43375.**

Court of Criminal Appeals of Texas.

Jan. 27, 1971.

Rehearing Denied April 7, 1971.

John K. Coil, Dallas (court appointed), for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Harry T. Schulz, Jr., Edgar A. Mason and W. T. Westmoreland, Jr., Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is fondling; the punishment, fifteen (15) years.

We are met at the outset with appellant's objection to the charge because it failed to limit the jury's consideration of appellant's written statement for the purpose of impeachment and to infer or show intent.

While testifying on cross-examination, the appellant stated that he had not had intercourse with Kathy, the prosecutrix, who was his ten year old stepdaughter. He also stated that he "didn't mess around with little children" and that he did not fondle Kathy or Joyce or any of the rest of his stepchildren. Finally, he testified that he did not play around at all and that he had never told anyone that he had done so.

In rebuttal, the State introduced a written statement made by the appellant which recites that while he was in the State of Mississippi two and one-half years earlier, he had attempted to have intercourse with Kathy, had achieved sexual satisfaction as a result of such act and that it had continued to happen every two or three weeks. The statement further recites that Kathy committed acts of sodomy upon him. While still in Mississippi, the statement further says he had a little girl named Katherine S. sit on his lap. He then placed his penis between her legs and thereby achieved sexual satisfaction. The statement describes a similar act with another of his stepdaughters, Joyce, age seven, and an act of sodomy performed upon him by Joyce. In this statement, we find the sentence which evidently is intended to refer to Kathy, the prosecutrix. It reads as follows: "Since we've been back in Texas, I haven't messed with her at all."

The recitation of the acts upon Katherine S. and Joyce contained in the statement was not admissible for purposes other than to impeach the appellant or to show the appellant's lascivious intent. See Young v. State, 159 Tex.Cr.R. 164, 261 S.W.2d 836, a case in which the appellant was convicted of indecent exposure to a boy. *Young did not testify or offer any witnesses in his behalf.* In that case, we held that testimony regarding acts of sodomy committed upon two other boys, who were not present on the occasion of the act upon which this prosecution was predicated, was not admissible.[1]

In Jones v. State, 164 Tex.Cr.R. 14, 296 S.W.2d 271, appellant was convicted for the sale of whiskey in a dry area. In that case, the state introduced for impeachment purposes, the testimony of a sixteen year old boy that he sold whiskey for the appel-

---

1. Gephart v. State, 157 Tex.Cr.R. 414, 249 S.W.2d 612, appears to hold that the extraneous offenses mentioned in the statement would be admissible to infer appellant's guilt in the case at bar. However, in Gephart v. Beto, #A–69–CA–141, decided June 26, 1970, by the United States District Court for the Western District of Texas, in an unpublished Memorandum and Order, petitioner Gephart's writ of habeas corpus was granted.

The court based its holding on a finding that the admission of evidence of certain extraneous sex offenses, coupled with the trial court's instruction that such evidence could be considered by the jury on the question of petitioner's guilt or innocence, constituted a denial of petitioner's due process right to a fair trial. This case is currently on appeal in the Fifth Circuit.

lant. Appellant complained of a failure of the court to limit the consideration of the testimony of this witness to impeachment purposes in its charge to the jury. This Court held as follows:

> "If the testimony could be used for any other purpose than impeachment, that is, as an incriminating fact, or as an undue or improper influence upon the jury as to the main issue on trial which might be injurious and prejudicial to the appellant, then it is the duty of the court to limit and restrict its effect in the charge. 1 Branch's Ann.P.C., 2nd Ed., 240, Sec. 210; Wakefield v. State, 98 Tex.Cr.R. 491, 266 S.W. 1097; Lanham v. State, 99 Tex.Cr.R. 410, 269 S.W. 799; Smith v. State, 121 Tex.Cr.R. 231, 51 S.W.2d 686.

> "Proof that the appellant had used another young boy to sell whiskey at another time than the one shown by the state to have been used in making the sale here charged against the appellant would strongly support the conclusion that she was generally using young boys to assist her in selling whiskey and would be reasonably calculated to create such a feeling and prejudice as would render it difficult for a jury to give the appellant a fair and impartial trial upon the act charged."

> "The testimony of the witness Mackey was offered and admitted in evidence for the purpose of impeachment but because of its nature could have been used for other purposes to the prejudice of the appellant.

> "The failure of the court to limit the testimony in the charge in response to the objection under the facts calls for a reversal."

See also Dowlen v. State, 144 Tex.Cr.R. 177, 161 S.W.2d 1067. Cf. the dissenting opinions of Judge Morrison and Judge Onion in Lacy v. State, Tex.Cr.App., 424 S. W.2d 929.

For the error pointed out, the judgment is reversed and the cause is remanded.